ORIGINAL

FILED
MAR 1 9 2004
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CADDELL CONSTRUCTION CO., INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 04- 461C

(Judge ______________)

## COMPLAINT

Plaintiff, Caddell Construction Co., Inc. ("Caddell"), files this Complaint against defendant, United States of America, as follows:

1. The Court has jurisdiction of this Complaint pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §609(a)(1). Caddell sponsors this claim on behalf of its subcontractor, Steel Service Corporation ("Steel Service"), who is the real party in interest.

2. Caddell was the general contractor on Contract No. V101BC0133 with the United States Department of Veterans Affairs ("VA") for Seismic/Modernization, Phase One, VA Medical Center, Project No. 614-011, Memphis, Tennessee for the construction of a new steel framed building of approximately 310,000 square feet and the renovation of the existing VA medical center ("the Contract" or "the Project").

3. Pursuant to the terms of the Contract, Caddell was required to, among other things, detail, fabricate, deliver and

F:\docs\HALLL\PLD\4460035. Caddell Complaint.wpd

erect structural and miscellaneous steel based upon the plans and specifications for the Project furnished by the VA.

4. Caddell entered into a subcontract with Steel Service under which Steel Service agreed to detail, fabricate, deliver and erect the structural and miscellaneous steel for the Project.

4. The VA issued the notice to proceed with performance of the Contract on or about March 18, 1996, with construction to be completed within 975 days. Caddell, in turn, notified Steel Service who commenced shop drawing detailing of the structural steel from the VA's structural steel design drawings for submission to and review and approval by the VA in time for erection beginning in June 1996.

5. From the outset, Steel Service encountered conflicts, errors, omissions, and/or inadequate details in the VA's structural steel design drawings which delayed detailing and, in turn, fabrication. In accordance with the Contract, specifically, FAR 52.236-21, Specifications and Drawings for Construction (APR 1984), Steel Service, through Caddell, promptly notified the VA of such design defects and sought the VA's determination.

6. During the detailing process, Steel Service, through Caddell, ultimately submitted in excess of 300 requests for information (RFI's) to the VA, seeking the VA's determination of conflicts, inadequacies, errors and/or omissions in the VA's structural steel design drawings.

7. Although the VA was contractually obligated by FAR 52.236-21 to "promptly make a determination in writing", the VA unreasonably delayed its responses which delayed Steel Service's detailing process.

8. Then, the VA delayed the structural steel shop drawing approval process by requiring the submission of shop drawings by complete sequences and then by unreasonably delaying its review and approval of shop drawings which, in turn, delayed fabrication.

9. The VA's unreasonable delays in responding to the RFI's and in reviewing and approving shop drawings coupled with the defects in the VA's structural steel design drawings prevented Steel Service from detailing and fabricating structural steel in the spring of 1996 as it had planned or in the winter of 1997, as it thereafter rescheduled because of the VA's continuing delays. Such delays by the VA rendered Steel Service's performance inefficient and much more expensive as such delays by the VA proximately caused Steel Service to miss the original scheduled fabrication window scheduled for spring-summer 1996 and the revised fabrication window rescheduled for fall-winter 1997.

10. Based upon the express terms of the Contract, specifically, FAR 52.236-21, Specifications and Drawings for Construction (APR 1984), FAR 52.242-14, Suspension of Work (APR 1984), and FAR 52.243-4(d), Changes (AUG 1987), the VA is liable for any increased

costs proximately caused by the VA's defective structural steel design drawings and/or by the VA's delays.

11. The VA also impliedly warranted that its plans and specifications were correct, adequate and feasible and impliedly agreed that it would cooperate with Steel Service and take no action that would delay, hinder or disrupt Steel Service's performance of detailing, fabrication and erection of structural steel. The VA's structural steel design was not correct, adequate or feasible and its structural steel design drawings were riddled with conflicts, inadequacies, errors and omissions and the VA failed to promptly respond to RFI's and to review and approve shop drawings within a reasonable time, thereby delaying the detailing, fabrication and erection of structural steel and rendering performance of such activities inefficient and much more expensive.

12. The VA's failure to issue complete and adequate structural steel design drawings, its failure to promptly provide responses to cure the conflicts, inadequacies, errors and omissions in such drawings and its failure to review and approve shop drawings within a reasonable time constitute constructive changes, entitling Steel Service to be compensated for such changes.

13. In accordance with the Contract Disputes Act of 1978, 41 U.S.C. §605, Caddell, by transmittal dated February 3, 1998, submitted the certified claim on behalf of Steel Service to the VA for decision.

14. The VA, through its Contracting Officer, issued its final decision, denying the claim.

15. This suit was commenced within twelve months from the date of Caddell's receipt of the Contracting Officer's final decision as required by 41 U.S.C. §609(a)(3).

COUNT I

16. The foregoing numbered paragraphs of this Complaint are incorporated in this Count I by reference and made a part hereof.

17. Steel Service's performance of the detailing, fabrication and erection of structural steel was, for an unreasonable period of time, suspended, delayed and/or interrupted and rendered more costly by the VA's defective structural steel design, by the VA's failure to promptly respond to Steel Service's RFI's, by the VA's extra-contractual requirement that shop drawings be submitted complete by sequence and by the VA's failure to review and approve shop drawings within a reasonable time, all of which delayed structural steel detailing, fabrication and erection and rendered performance of such activities inefficient and much more expensive.

18. According to the terms of the Contract, the Changes Clause (AUG 1997) and/or the Suspension of Work Clause (APR 1984), Caddell, on behalf of Steel Service, is entitled to an equitable adjustment, increasing the Contract price by at least the amount of $3,497,100.37, the exact amount to be shown at the trial hereof, being the damages proximately caused by the VA.

WHEREFORE, on behalf of Steel Service, Caddell prays for the relief set forth below.

COUNT II

19. The foregoing numbered paragraphs of this Complaint are incorporated in this Count II by reference and made a part hereof.

20. The VA breached its implied warranty of the adequacy of its plans and specifications because its structural steel design drawings were replete with conflicts, inadequacies, errors and omissions.

21. Such breach proximately caused Caddell, on behalf of Steel Service to incur substantial delays and additional costs in at least the amount of $3,497,100.37, the exact amount to be shown at the trial hereof, for which Steel Service is entitled to recover from the VA.

WHEREFORE, on behalf of Steel Service, Caddell prays for the relief set forth below.

COUNT III

22. The foregoing numbered paragraphs of this Complaint are incorporated in this Count III by reference and made a part hereof.

23. The VA also breached its implied obligations to cooperate with Caddell and its subcontractors, including Steel Service, in good faith in the performance of the Contract and not to take any action which delayed, interfered with or otherwise hindered Steel Service's performance.

24. Such actions by the VA constitute constructive changes to the Contract and proximately caused Steel Service to incur substantial delays and additional costs to perform the Contract, entitling Steel Service to an equitable adjustment to the Contract price in at least the amount of $3,497,100.97, the exact amount to be shown at the trial hereof.

WHEREFORE, on behalf of Steel Service, Caddell prays for the relief requested below.

COUNT IV

25. The foregoing numbered paragraphs of this Complaint are incorporated in this Count V by reference and made a part hereof.

26. Pursuant to §12 of the Contract Disputes Act of 1978, 41 U.S.C. §611, Caddell, on behalf of Steel Service, is entitled to interest on the claims set forth hereinabove computed in accordance with said statute.

WHEREFORE, plaintiff, Caddell Construction Co., Inc., prays that the Court enter judgment in its favor, reversing the Contracting Officer's final decision and awarding Caddell on behalf of Steel Service at least the amount of $3,497,100.37, together with interest in accordance with 41 U.S.C. §611 and all costs of the action. Caddell further requests such other relief as this Court deems just and proper, including, but not limited to, the mark-up to which Caddell is contractually entitled.

Respectfully Submitted,

CADDELL CONSTRUCTION CO., INC.

By Its Attorney

MOCKBEE HALL & DRAKE, P.A.

By: ______________________
David W. Mockbee

Date: March 12, 2004

MOCKBEE HALL & DRAKE, P.A.
Lamar Life Building, 10th Floor
317 E. Capitol Street
Jackson, MS 39201
(601) 353-0035 - Telephone
(601) 353-0045 - Facsimile