# In the United States Court of Federal Claims

No. 04-461C

(Filed May 12, 2004)

| | |
|---|---|
| * * * * * * * * * * * * * * * * | * |
| **CADDELL CONSTRUCTION CO., INC.,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| **Defendant.** | * |
| | * |
| * * * * * * * * * * * * * * * * | |

## Chambers Procedures

(1) Communications with Chambers

No off-the-record discussions, other than regarding scheduling, will be conducted by the judge or any member of her staff. Communications with chambers shall be by formal motion, filed in the clerk's office or in open court. Letters or other informal communications shall be forwarded to the clerk's office and returned unfiled, and may be copied and provided to the other parties in the case.

Scheduling questions shall be directed to Judge Sypolt's administrative law clerk, Ms. Laurice Ghougasian, at (202) 219-9655 or at laurice_ghougasian@ao.uscourts.gov.

General information regarding court filing requirements, rules, case filings, court announcements, and other information regarding the court appears on the court's website, at http://www.uscfc.uscourts.gov/.

Case-specific information may be obtained electronically through the Public Access to Court Electronic Records (PACER) program. To register for access to the PACER system, call the Pacer Service Center at 800-676-6856 or 210-301-6440 for a registration form or visit their website at http://pacer.uscourts.gov/.

Questions not answered through these sources shall be directed to the clerk's office at (202) 219-9561.

(2) Electronic Filings – CM/ECF

Pursuant to United States Court of Federal Claims General Order No. 42 (G.O. No. 42) (see the court's website, http://www.uscfc.uscourts.gov/), certain cases are designated as subject to the court's case management/electronic case filing (CM/ECF) procedures. Currently, all new contract cases other than bid protest cases are so designated.

The clerk will notify counsel when a case is assigned to the CM/ECF system.

To file and receive documents in CM/ECF, counsel must have a CM/ECF account login and password. These are issued only to members of this court's bar who have passed a qualification test and have been certified to participate in CM/ECF. Counsel shall obtain certification, a login account, and a password within 14 days of the filing of this order.

The clerk's office will serve electronically-filed documents by mail for thirty (30) days after the case is opened. Each person electronically filing a pleading or other document shall serve a Notice of Electronic Filing (which is automatically generated each time a document is electronically filed) on parties entitled to service who are not registered to use CM/ECF, by e-mail, hand, facsimile, or first-class postage prepaid. The clerk will give notice in paper form of the filing of an order, opinion or judgment to any person or party who has not consented to electronic service.

Detailed information about CM/ECF, including instructions on the testing and certification process, is available at the court's website (http://www.uscf.uscourts.gov/) .

The following general guidelines apply:

Initial papers, including the complaint and the initial filing fee, shall be filed in the traditional manner, not electronically. Subsequently submitted documents shall be filed electronically.

Exhibits or attachments also shall be submitted electronically, but shall be limited to portions directly germane to the matter under consideration.

Each electronically-filed document shall be in the Portable Document Format (PDF) format, and must be broken into multiple PDF files of less than 1 megabyte each.

The parties shall provide courtesy copies in paper form of documents exceeding 50 printed pages.

Each electronically-filed document shall include a signature block containing the typed name of the filer, preceded by an "s/", and shall comply with the RCFC 11(a) signature requirements.

Service is complete upon electronic submission of an order or document. Notice will be given only to counsel having a CM/ECF account.

Normal jurisdictional limitations apply.

(3) Initial Disclosures

The (1) early meeting of counsel required by Appendix A, ¶ 3 to the Rules of the United States Court of Federal Claims (RCFC) and (2) initial disclosures required by RCFC 26(a)(1) shall be accelerated. The Notice of Appearance (NA) shall be due 14 days after the filing of the complaint, the early meeting of counsel shall take place within four weeks after defendant files its NA, and the initial disclosures shall be filed within six weeks of the filing of the NA.

(4) Alternative Dispute Resolution (ADR) Pilot.

The United States Court of Federal Claims began an ADR Pilot Program on April 2, 2001, in response to concerns about the rising litigation costs and delay inherent in the traditional judicial resolution of complex legal claims. Under this program, all cases (other than bid protest cases) assigned to three designated judges, will be assigned simultaneously to one of five ADR judges for early neutral evaluation or consideration of the suitability of other types of ADR. See Amended General Order No. 40, and the ADR Pilot Procedures and accompanying forms attached thereto on the court's website (http://www.uscfc.uscourts.gov/).

(5) Electronic Records

Information regarding the existence, type, volume, retrievability, and likely associated discovery costs of electronic records shall be exchanged by counsel at the early meeting of counsel. If extensive

discovery of such records appears likely, this shall be brought to the court's attention sooner.

(6) Hearings and Status Conferences

At each hearing or conference, and particularly the Appendix A, ¶ 7 preliminary scheduling conference, or "initial status conference", the court explores the strengths and weaknesses of each party's arguments, and the possibility of utilizing dispositive motions, alternative dispute resolution, or other means for reducing the cost and delay of litigation. See RCFC 16(c).

Therefore, at each status conference, counsel shall be prepared to discuss all of the factual, legal, and procedural issues in the case, including the evidence proposed to be relied upon by each party, the merits of any pending motion, and proposed pretrial schedules or timetables for briefing motions.

An initial status conference will be held in every case.

(7) Appendix to Joint Preliminary Status Report

The parties shall provide, as an appendix to the Joint Preliminary Status Report required by Appendix A, ¶ 4, copies of material portions of any documents relevant to disputed factual and legal issues, e.g., relevant contract provisions, prior claims and administrative determinations, correspondence, and damage computations, as well as copies of regulatory or sub-regulatory guidance that is relevant but may be difficult for the court to obtain.

Leave of court is required to file an appendix of more than fifty pages.

(8) Facsimile Transmission, Courtesy Copies

For the court's convenience, filings shall include counsel's facsimile telephone number(s), if any.

Unless the court so permits, in advance, receipt of a facsimile transmission will not constitute timely filing under the rules of this court. See RCFC Rule 5(e). The court will accept a courtesy copy, delivered by hand, mail, facsimile, or email transmission, if it is delivered concurrently with filing in the clerk's office, and contains fewer than twenty pages.

Courtesy copies are recommended from parties in bid protest actions and parties in other cases who are filing anything that appears to require immediate (less than 3 days) action.

Facsimile transmissions should be sent to:

Judge Diane Gilbert Sypolt
United States Court of Federal Claims, Suite 617
Tel. No.: (202) 219-9655
Fax No.: (202) 219-9558 (or, if busy, (202) 219-9593).

(9) Enlargements of Time

The court intends to adhere closely to any schedule established in the case and to apply strictly the rules regarding requests for an enlargement of time. For example, requests for enlargement must be filed as early as possible, see RCFC 6(b), generally at least five business days in advance. Because there may be a delay between filing in the clerk's office and receipt in chambers, requests for enlargement, if not filed at least a week in advance, shall be sent by facsimile to chambers at the same time that they are filed. (Compliance with this requirement does not, however, create any presumption that the court's action will be favorable.)

The burden of establishing grounds for an enlargement is on the movant, which must specify the grounds. In the case of requests filed out of time, the allegation of excusable neglect must be substantiated. See RCFC 6(b).

s/ Diane Gilbert Sypolt
DIANE GILBERT SYPOLT
Judge, U.S. Court of Federal Claims