IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CADDELL CONSTRUCTION CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-461C |
| | ) | (Judge Diane Gilbert Sypolt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EXTENSION OF TIME**

COMES NOW Plaintiff, Caddell Construction Co., Inc., and moves this Court for an extension of time to conduct the early meeting of counsel and to file its initial disclosures. In support, the plaintiff would shows:

1. Counsel for plaintiff apologizes to the Court for missing the required deadlines and appeals to the mercy of the Court to allow plaintiff additional time to bring itself into compliance with the Court's procedures because the failure to meet the required deadlines was due to inadvertence and mistake on the part of plaintiff's undersigned counsel and not due to any willful neglect as set forth in more detail below.

2. As indicated by Exhibit "A" attached hereto and made a part hereof, David W. Mockbee, attorney for plaintiff, obtained a CM/ECF Account on June 16, 2004. This Court's June 21, 2004 Order does not reflect this correct date.

3. Plaintiff's counsel now realizes that he erroneously believed that this case would be governed by Appendix "A" and that the CM/ECF Account did not have to be obtained before defendant's answer was originally due on June 16, 2004 --- being the date the account was obtained.

4. Plaintiff's counsel has no record of receipt of the May 12, 2004 Chambers Procedure which establishes deadlines for the early meeting and initial disclosures which are different from those in Appendix "A."

5. As a result, until receipt of the June 21 Order, plaintiff's counsel believed that he was acting timely in accordance with Appendix "A," paragraph II, and awaiting receipt of defendant's answer to the Complaint to trigger the deadlines for the early meeting and the filing of initial disclosures.

6. Plaintiff's counsel, now having obtained a copy of the May 12, 2004 Chambers Procedures, is aware that he did not comply with the dates for the early meeting of counsel and the filing of initial disclosures and requests that he be allowed additional time to conduct the early meeting and make its initial disclosures.

7. Plaintiff's counsel further respectfully submits that additional time should be granted since plaintiff's counsel has cooperated with defendant's counsel in granting him two (2) extensions of time to respond to the Complaint and, as a result, there has been no prejudice. To date, the United States has not

answered so early meeting of counsel and initial disclosure and requests prior to this date would have been premature.

WHEREFORE, plaintiff respectfully submits that plaintiff should be granted additional time to conduct the early meeting of counsel and to file its initial disclosures.

Respectfully submitted,

s/David W. Mockbee

MOCKBEE HALL & DRAKE, P.A.
The Lamar Life Building, Tenth Floor
317 East Capitol Street
Jackson, MS 39201
Telephone: 601-353-0035
Facsimile: 601-353-0045

Attorney for Plaintiff

June 24, 2004