DEPARTMENT OF VETERANS AFFAIRS
Veterans Health Administration
Washington DC 20420

December 9, 20003

In Reply Refer To:

Mr. B. Warren Barrow
Caddell Construction Company, Inc.
P.O. Box 210099 (36121)
2700 Lagoon Park Drive
Montgomery, Alabama 38109

SUBJ: Contracting Officer's Final Decision
Steel Service Corporation Request for Equitable Adjustment, Project No. 614-011, Contract No. V101BC0133 Seismic/Modernization, Phase I, VA Medical Center, Memphis, TN 38104

Dear Mr. Barrow:

I have reviewed Caddell Construction Co., Inc.'s September 30,2002, letter requesting a Contracting Officer's Final Decision concerning their subcontractor, Steel Service Corporation (SSC) Request for Equitable Adjustment, in the amount of $3,497,100.37.

SSC alleges that project rescheduling, delays to the fabrication and additional engineering cost created impacts to themselves as well as their subcontractors in additional cost and loss of other work.

My review of the applicable documentation and records indicates the following:

a. **Contract Specification Section (NAS), 1311-1.1A, 1311-1.5A.1 and 1311-1.6A,B&C:** SSC alleges that it had scheduled delivery of steel to the site in April 1996 and that due to the VA, it was unable to do so until about one year later. The VA awarded the contract on February 8, 1996 and issued the Notice to Proceed on March 6, 1996. The NTP was signed and returned dated March 18, 1996. The Approved Day-1 schedule, as updated, showed that steel was to be delivered July 17, 1997. Our records indicate that steel was actually delivered during this time. Therefore, I find that this portion of SSC's REA is without merit.

b. Contract Specifications Section 1340-1-1, 1001-1.46 and 1311-1.5A.1, Contract Drawing CPM-1: SSC alleges that, in accordance with AISC (American Institute of Steel Construction), each of it's submittals should have been reviewed and returned within 14 calendar days. The contract provided that the VA had 20 workdays or 30 calendar days to review and return submittals. Our records indicate that all of SSC's submittals were reviewed and returned within this time frame. Therefore, I find that this portion of SSC's REA is without merit.

c. In the REA, SSC sets forth about 300-400 RFI's and seems to allege that the additional engineering cost is based on the numerous RFI's submitted. The REA simply includes copies of the RFI's and provides no substantive information on how any one or more of these RFI's or the responses thereto had any specific impact on SSC's work. Therefore, based upon the information that has been provided, I find that this portion of SSC's REA is without merit.

Based on my review, I have concluded and it is my decision that your claim for equitable adjustment has no merit. Accordingly, it is denied in its entirety.

You are hereby advised that this is my Final decision on this matter. This decision may be appealed to the Department of Veterans Affairs Board of Contract Appeal (VABCA), 810 Vermont Avenue, N.W. Washington, DC 20420. IF you decide to make such an appeal, you must mail or otherwise furnish written notice thereof to the VABCA within 90 days from the date you receive this decision. If the appeal is taken, a copy thereof shall be furnished to the Contracting Officer from whose decision the claim is taken. The notice shall indicate that an appeal is intended, shall reference this decision and shall identify the contact by number.

For appeals under Disputes Clause, you may, solely at your election, proceed under VABCA small claims procedure for claims $30,000.00 or less, or other accelerated procedure for claims $100,000.00 or less.

In lieu of appealing to the Department of Veterans Affairs Board of Contract Appeals, you may bring action directly to the U.S. Court of Federal Claims within (12) months from the date you receive the decision.

Sincerely Yours,

John A. Blake
Contracting Officer